**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**GIANINA VIVONI-TRIGO,**

Plaintiff,

v.

**MUN. OF CABO ROJO, et al.,**

Defendants.

**CIVIL NO. 11-1756 (GAG)**

## MEMORANDUM OPINION

On March 11, 2014, the court issued an Opinion and Order ruling on defendant's three separate summary judgment motions, in pertinent part, ruling on the Municipality of Cabo Rojo's (the "Municipality") motion at Docket No. 63 which sought to dismiss Plaintiff's claims. (Docket No. 156). The court granted and denied in part the Municipality's motion. See id. On March 21, 2014, Plaintiff sought partial reconsideration of the court's decision on her supplemental Law 17 sexual harassment claim. (Docket No. 163). The Municipality stated its position and did not oppose Plaintiff's partial reconsideration request. (Docket No. 164). For the following reasons, the court **GRANTS** Plaintiff's Motion for Reconsideration at Docket No. 163.

**I.  Standard of Review**

Motions for reconsideration are generally considered under Fed. R. Civ. P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir.1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F.Supp.2d 320, 322 (D.P.R.2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus. Inc., 37 F.3d 25, 29 (1st Cir.1994) (citing F.D.I.C. Ins. Co. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir.1992); Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 286 (D.P.R.1998)). Hence,

**Civil No. 11-1756 (GAG)**

this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Nat'l Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir.1990).

**II.     Discussion**

Under Puerto Rico law, Law 17 claims must be brought within one year. See 29 P.R. Laws Ann. § 155m; Matos Ortiz v. Puerto Rico, 103 F. Supp. 2d 59, 63 (D.P.R.2000) (the one-year tort limitations period applies). In this case, the last purported acts of sexual harassment against Plaintiff took place on June 2010. On this date, her claims accrued. Therefore, the limitations period expired in June 2011and the instant civil complaint was filed in August 4, 2011.

In Puerto Rico, the filing of an EEOC complaint alleging sex discrimination in violation of Title VII tolls the statute of limitations on equivalent state law claims. Huertas–Gonzalez v. Univ. of Puerto Rico, 520 F. Supp. 2d 304, 316–17 (D.P.R.2007). The First Circuit has applied this principle to both Law 17 and 69 claims. Valentín–Almeyda v. Mun. of Aguadilla , 447 F.3d 85 at 101 (1st Circ. 2006) (citing P.R. Laws Ann. tit. 31, § 5303) (tolling a Law 17 claim). See Gerald v. Univ. of Puerto Rico, 707 F.3d 7, 27 (1st Cir. 2013). Nevertheless, at least in the context of a Law 17 claim, there is an identicality requirement and the extra judicial claim must be the same as that later sought in court. Id. See Valentín–Almeyda, 447 F.3d at 101. The defendant-employer must also be put on notice that a claim is being pursued against him. Id.

Here, the EEOC complaint was not made part of the record by Plaintiff. Moreover, Plaintiff failed to include in the record the notice of the EEOC complaint sent to the Municipality, any of its employees, or any defendant. Absent these material documents from the record, the court could not properly review if, in fact, tolling applied to Plaintiff's Law 17 sexual harassment claim as to an EEOC complaint. In the instant case, the court was able to properly analyze Plaintiff's extrajudicial claim (which Plaintiff provided) to decide whether this letter properly tolled the statute of limitations as to certain claims by Plaintiff. However, Plaintiff failed to provide for the record her

**Civil No. 11-1756 (GAG)**

EEOC complaint, which was mentioned during Plaintiff's deposition.[1] (See Docket No. 63-2 at 49-52).

The court could not analyze whether the necessary elements of a sex discrimination, namely a sexual harassment claim, were present in Plaintiff's EEOC complaint and whether these elements were necessary to put defendants on notice and effectively toll a Law 17 claim. See Gerald, 707 F.3d at 27 (citing Valentín–Almeyda, 447 F.3d at 101–02) (finding that an administrative charge that listed the defendant supervisor as one of the individuals who discriminated against the plaintiff and stated all the necessary elements of a discrimination claim was enough to put the defendant on notice and toll a Law 17 claim). Accordingly, any manifest error of law or fact was essentially the result of the Plaintiff's failure to attach a complete copy of the record of filings sent and submitted to and received from the EEOC and thereby place the court in a position to properly rule on the Law 17 question.

Furthermore, the court last notes the Municipality essentially agreed with Plaintiff's contentions for reconsideration as to the Law 17 claims and noted Plaintiff is correct in her assessment. Faced with no opposition by the party which can be affected by the court's ruling, the court need go no further.

## III. Conclusion

For the foregoing reasons, the court **GRANTS** the Plaintiff's Motion for Reconsideration at Docket No. 163. The only remaining claims in this case are the following: sexual harassment (hostile work environment) under Title VII and Law 17 against the Municipality.

---

[1] As with various other facts in this case, the court was unable to determine the exact date of Plaintiff's EEOC complaint. In its exposition of the relevant factual background, the court found Plaintiff filed a sex discrimination and sexual harassment charge with the EEOC on March 2011. The court, however, based its finding on Plaintiff's deposition. (See Docket No. 156 at 7.) The court could not rely on anything else since Plaintiff excluded from the record the EEOC complaint, the notice the EEOC (presumably) sent to defendants concerning such charges and all relevant documents before and/or sent by the EEOC.

**Civil No. 11-1756 (GAG)**

**SO ORDERED**

In San Juan, Puerto Rico this 7th day of April, 2014.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge

4